## Case No. 15,236.

### UNITED STATES v. GORMAN.

[4 Cranch, C. C. 550.] [1]

Circuit Court, District of Columbia. March Term, 1835.

UNITED STATES DEBTORS—PRISON BOUNDS.

Debtors of the United States are not entitled to the benefit of the prison bounds in the District of Columbia.

Debt on a prison-bounds bond given to the United States in the penalty of $450, dated the 14th of June, 1830, and executed by Jacob Dixon, and the defendant [John B. Gorman], and another surety, with the following condition: "Whereas the above bound Jacob Dixon is confined in the prison of Washington county, and in the custody of the marshal of the District of Columbia, by virtue of a writ of capias ad satisfaciendum, issued out of the circuit court of the District of Columbia, for the county aforesaid, on a judgment rendered by the said court, for the sum of $200 fine, and $23.01 costs, at the suit of the United States aforesaid; and having prayed for liberty to walk out of prison and within the bounds thereof as fixed by law, which is granted to the said Jacob Dixon, he complying with the provisions of the statute in that case made and provided. Now, therefore, if the above bound Jacob Dixon shall continually keep, remain, and stay within the prison bounds aforesaid, that is, for the said county of Washington, as now marked or laid out, or as hereafter may be, from time to time, marked and laid out by order of the circuit court of the District of Columbia, in and for said county of Washington, and not depart therefrom

---

[1] [Reported by Hon. Samuel Blatchford. District Judge. and here reprinted by permission.]

[1] [Reported by Hon. William Cranch, Chief Judge.]

until he the said Jacob Dixon shall, by due course of law, be finally discharged from the said prison and bounds, then the above obligation shall be void; otherwise to remain in full force and virtue in law." The declaration, after setting forth the bond and its condition, averred, as a breach thereof, that the said Jacob Dixon did not continually keep, &c., but departed therefrom, without being discharged in due course of law, whereby action hath accrued to the said United States, to demand and have of the said John B. Gorman, the said sum of $450, &c. To this declaration the defendant demurred generally.

Mr. Dandridge, for defendant, contended that every bond, given for ease and favor of a person in execution, is void, unless expressly authorized by law; and cited 1 Saund. 35, note; Thompson v. Bristow, Barnes, Notes Cas. 205; Vigers v. Aldrich, 4 Burrows, 2482; Da Costa v. Davis, 1 Bos. & P. 242; Blackburn v. Stupart, 2 East. 243; and Yates v. Van Rensselaer, 5 Johns. 363. By the 16th section of the insolvent act of March 3, 1803 (2 Stat. 237), (all the preceding sections having been occupied by provisions respecting insolvent debtors,) it is enacted: "That the said court may cause to be marked and laid out reasonable bounds of the prisons in the said district, to be recorded in the same court; and from time to time may renew, enlarge, or diminish the same; and every prisoner not committed for treason or felony, giving such security to keep within the said bounds as any judge of the said court shall approve, shall have liberty to walk therein, out of the prison, for the preservation of his health; and keeping continually within the said bounds, shall be adjudged in law a true prisoner." And by the seventeenth section it is enacted: "That the provisions of this act shall not be construed to extend to any debtor who is or shall be imprisoned at the suit of the United States." The defendant was a debtor who was imprisoned at the suit of the United States, and, therefore, was not entitled to any of the benefits of the act.

Mr. Key, contra, for the United States, contended that this bond is good as a voluntary bond, of which the defendant has had the benefit. U. S. v. Howell [Case No. 15,405]. But it is good, also, as a statutory bond, under the sixteenth section of the insolvent act. The seventeenth section refers only to the provisions respecting the surrender of the effects of insolvent debtors and the discharge of their persons from arrest and imprisonment on account of any debt contracted before their application for relief. And the reason why those provisions should not extend to debtors of the United States was, that congress, by the act of June 6, 1798 (1 Stat. 561), had made special provisions on the same subject; and it cannot be supposed that congress meant, by the seventeenth section of the insolvent act to deprive the debtors of the United States in this District of the benefit of the prison bounds, which they had expressly granted to all other debtors of the United States in civil actions by the act of January 6, 1800 (2 Stat. 4), and which, by the sixteenth section of the insolvent act, they had expressly given to all prisoners, except those committed for treason or felony. The words of the seventeenth section may be satisfied by applying them to the provisions of the act respecting the surrender of the property and the discharge of the person of debtors upon such surrender. And by that construction the incongruity will be avoided which would grant the privilege to all debtors of the United States excepting those residing in this District. And this is the construction which has been given to the insolvent act, in this respect, from the time of its enactment to the present moment. The consequence of a different construction would be, that prisoners committed for any crime, except treason and felony, would be entitled to the bounds, while simple debtors of the United States, instead of being committed for safe keeping only, would be committed to the same close custody with condemned traitors and felons. The court had power to limit the bounds to the high brick walls surrounding the gaol. They have extended it further, but that cannot alter the construction of the act.

At November term, 1833, THE COURT (CRANCH, Chief Judge, contra,) ordered judgment to be entered for the defendant, upon the demurrer in this cause, and in twenty-four other suits on like prison-bounds bonds, given by persons who had been arrested on ca. sas. for fines for keeping public gaming-tables.